THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BUZZARD, JR., <br><br>　　　　　Petitioner, <br><br>　v. <br><br>JACK WARNER, <br><br>　　　　　Respondent. | CASE NO. C25-1140-JCC <br><br> ORDER |

This matter comes before the Court on objections (Dkt. No. 16) to the Report and Recommendation ("R&R") (Dkt. No. 15) of the Honorable David W. Christel, U.S. Magistrate Judge. The R&R recommends the Court dismiss Ronald Buzzard, Jr.'s habeas petition. (*See id.* at 4–15.) Mr. Buzzard objects. (*See generally* Dkt. No. 16.) Having thoroughly considered the record and briefing, the Court OVERRULES the objections, ADOPTS the R&R, DISMISSES the petition with prejudice, and DENIES Mr. Buzzard a certificate of appealability.

According to the R&R, Mr. Buzzard, who pleaded guilty in 2002 to first degree rape of a child, was sentenced to an indeterminate sentence of 123 months to life. (Dkt. No. 15 at 2.) The Indeterminate Sentence Review Board ("ISRB") released him in 2016 with custodial conditions, which he violated in 2020, resulting in the revocation of his release. (*Id.*) At issue in the instant petition is the ISRB's subsequent finding that Mr. Buzzard was not presently parolable, and adding 48 months to his minimum term. (*Id.*)

Mr. Buzzard's petition listed four constitutional grounds for release. (Dkt. No. 8 at 5–10.) Judge Christel recommended that the Court deny the first ground on the merits and deny the remainder as procedurally barred. (*Id.* at 9–14.) He further recommended that the Court not hold an evidentiary hearing and decline to issue a certificate of appealability. (*Id.* at 14–15.) Mr. Buzzard lodged objections to each recommendation. (Dkt. No. 16 at 2–10.) In so doing, he also asked for the appointment of counsel. (*Id.* at 10.) In addition, Mr. Buzzard recently asked for emergency relief regarding the Department of Corrections' temporary confiscation of his tablet computer, impairing his ability to pursue the preservation and/or restoration of rights articulated in his petition. (Dkt. Nos. 17, 18.)

The Court must conduct a *de novo* review of those portions of Judge Christel's R&R to which Mr. Buzzard properly objects. 28 U.S.C. § 636(b)(1); Rule 8, Federal Rules Governing § 2254 Cases (2019). Such objections must be more than generalized concerns—they must point to specific error in the Magistrate Judge's R&R. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996). A mere recitation or summary of arguments previously presented is not an "objection" as that term is used in this context since a valid "objection" must put the district court on notice of potential errors in the R&R. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937–38 (E.D. Mich.2004). In sum, without a specific objection to particular aspects of the R&R, "the district court's attention is not focused on any specific issues for review, thereby making the initial [referral] to the magistrate useless . . . [t]his duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir.1991).

Mr. Buzzard, in objecting to each of Judge Christel's recommendations, fails to point to countervailing authority or specific error in the R&R. Rather, Mr. Buzzard simply restates his argument and supporting authority with respect each of his claims. (*Compare* Dkt. No. 8 at 5–10, *with* Dkt. No. 16 at 2–10.) This is not sufficient to trigger *de novo* review. And even if it were, the Court would reach the same conclusion as Judge Christel.

Mr. Buzzard's first claim fails because it does not point to a violation of clearly established law. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The appellate court, in dismissing Mr. Buzzard's Personal Restraint Petition ("PRP"), did not unreasonably apply *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 1 (1979), in finding no Eighth Amendment right to parole by the ISRB before the expiration of an indeterminate sentence. (*See* Dkt. No. 12-2 at 498.) And Mr. Buzzard's remaining claims are procedurally defaulted because he failed to present them to the court of appeals in his PRP. (*See generally* Dkt. No. 12-2 at 2–23.)

Given these legal (rather than factual) deficiencies, an evidentiary hearing is unnecessary. *See Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007). And because reasonable jurists could not conclude the issues Mr. Buzzard presents should proceed further, *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), Mr. Buzzard is not entitled to a certificate of appealability. Nor, given the discussion above, would it be in the interest of justice to appoint counsel in this matter. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983) (whether to appoint counsel depends on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits).

Thus, the Court therefore OVERRULES Mr. Buzzard's objections (Dkt. No. 16), ADOPTS the R&R (Dkt. No. 15), DISMISSES the petition (Dkt. No. 8), and DENIES Mr. Buzzard a certificate of appealability. The Clerk is DIRECTED to terminate the emergency motions (Dkt. Nos. 17, 18) as moot and to send copies of this Order to Mr. Buzzard, counsel for Respondent, and to Judge Christel.

DATED this 1st day December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE